May I please court Peter Giben on behalf of Pellant Landmark Hotels. Good morning, Your Honors. I think the primary issue in this case, as it is in I think several, but particularly in this case, has to do to the effort that we expend to launch to a Byzantine analysis of efficient proximate cause at the cost of initial examination of the plain language of the contract, meaning, to me anyway. The contract says we will pay for direct physical loss to covered losses. And it appears to be clear to me, and it appears to be, whether it is the most important cause of loss in the Garvey efficient proximate cause analysis, or whether it is one of the concurrent causes of losses, as long as it is a covered cause of loss, I believe that the very first paragraph of the contract provides that there will be coverage against it. Well, unless it falls into an exclusion. Yes, sir. Okay. So something could be a covered loss and yet be excluded. Yes, sir. Okay. So the fact that you have a very broad coverage provision doesn't help you unless you also show that you are outside an exclusion. Yes, sir. So I don't think anybody is arguing with you that that first sentence is very broad. The discussion has to do with exclusions. I hear you, Your Honor. But I believe my point, or at least the point I'm trying to make, and I may have missed something, is this. What I have is I have an exclusion, but I also have a covered cause that isn't excluded. So does the fact that there are two concurrent causes, one of which is excluded and one of which isn't, necessarily trigger an efficient proximate cause analysis if the initial clause says we'll do it for any covered cause of loss. You lost me there. I'm sorry. Why don't you try being a little more concrete? Yes, sir. I will. And I've got to admit, you lost me, too. One of the exclusions, very specific exclusions here, is we will not pay for loss caused by or resulting from rain to property which is in the open. Correct? Yes, sir. That's excluded. Which one are you – what specifically are you saying is included? What is included, Your Honor, is a – is rain. Okay? Rain to property in the open isn't included. Rain that causes damage to the property is included, and that was – that was acknowledged and stipulated to a trial. The question wasn't whether rain is a covered cause of loss. Rain is and is accepted on the record in this case as rain is a covered cause of loss. The issue here was whether or not the initial contractor's negligence of not sufficiently covering the roof was the efficient proximate cause that triggered the rest of the damage. The district court determined that the failure to cover the roof was the efficient proximate cause and that the rain was the less important in the hierarchy. Well, the contractor – I beg your pardon, Your Honor. The contractor obviously should have paid attention to President Kennedy's remark that the time to fix the roof is when the sun's shining. So the contractor screwed up. But then if we – if we interpret the exclusion for the contractor's negligence, don't we have to – or do we – do we necessarily have to look at what the contractor's negligence was an efficient proximate cause of? I don't believe we do, Your Honor, for two reasons. First of all, first of all is the initial discussion of the word any, which is a powerful word for sure. It's, I hope, as powerful to you as it is to me. I know it started off being more powerful to me. But when we – the discussion of the whole analysis of efficient proximate cause dates back to the Sabella-Garvey issue where there was a situation where there was an exclusion and there was one that was included, and the courts couldn't figure out which one was going to win. In this particular case, I don't believe – I think the word any takes out the analysis. It's – if we have one cause, we don't have this discussion. If we have – You know, you keep talking about distractions, and I just have no idea what you're saying. I don't follow. Why don't you show me – walk me through the contract. I have a policy right here. Yes, sir. Show me how you win. I mean, just point me clause after clause and explain to me how you win. Yes, sir. There are two ways on that level. One is – Oh, that's the only level I know. You have to show me how you win on the contract. I don't know if there's some other way you can win. Why don't you start with your best way to win under the contract? The best way to win is any, Your Honor. The best way to win is CNA Builder's Risk Coverage Form. A, coverage. Go ahead. We will pay for any direct physical loss to covered property caused by or resulting from any covered cause of loss. You continue down, and if you continue down to paragraph 5 of A, which defines covered causes of loss. It says covered causes of losses means risks of direct physical loss to covered property except those causes of loss listed in the exclusions. Okay. All right. For purposes of this discussion, if you don't mind, Your Honor, contractor negligence is an excluded cause of loss. Is an excluded? Yes, sir. Is excluded. Okay. Contractor's negligence, I lose. Okay. Rain to the interior of the property, I win. Rain is included. Contractor's negligence is excluded. How about the fact that the way the rain got in is because of the contractor's negligence? I think that that would be relevant. I think that would be important, Your Honor, to the extent that the contract didn't say any covered cause of loss. It does say in the contract in that first sentence that they're going to cover loss caused by or resulting from a covered cause. So you have to show that the rain damage here was caused by or resulting from the rain within the meaning of this policy, I guess. And I don't have personally any difficulty with that, Your Honor, because it is what I'm saying is that the rain is the cause. You're saying if there are concurrent causes and one of the concurrent causes is covered, that we shouldn't be looking to what's the efficient proximate cause. We should just say it's covered. Yes, sir, if the contract says so. But how would you ever have a situation where negligence acts as an exclusion? I mean, negligence doesn't cause any injuries. You have to have something else that negligence allows to cause injuries. So if they're negligent with fire, then the damage comes from fire. If they're negligent in the use of the automobile, it's not the negligence. You could say, well, okay, you've got negligence excluded, but loss resulting from collision with the automobile is included. So you've got this other cause. I don't see where that would ever give the negligence exclusion any effect whatsoever. Show me an instance where something would be caused by negligence, and under your theory, it wouldn't also be a direct cause of the loss. Yes, sir, this is something that we argued to some extent. I really don't care about the argument. Just answer my question. It is possible for the contractor to do it perfectly, to perform according to the standard of care, to have covered the building or to have attempted to do that which would cover the building but didn't succeed, where the contractor would not be found liable for negligence or found to have breached the duty of care, but the rain comes in anyway. You can fight the hypothetical all you want. You have to find a situation where there's negligence. You have to start with negligence. That's a given, because that's part of my question. I realize that you could have a loss without negligence, and then we'd have a different case, and that would be a different answer to a different question. But my question presupposes that there is negligence, and that negligence in some way causes. Maybe it's not approximate causing or whatever, but in some way is a causal link towards the damage. How would you ever have that fall within exclusion under your argument? Why wouldn't you say, well, we bypass the negligence because it's also a covered risk of loss. So even though negligence is a cause, this other thing is a cause, too. So I just don't see where your argument leaves any room for the negligence exclusion. So you need to give me a counterexample. Take out the any. No, I don't want to do that. I want to use this policy, because now you're talking about a different policy in a different way. So let me just amend my question to make it absolutely clear. Under this policy, you know, not changing a single word of the policy, under this policy, how would you ever have a situation where negligence is involved in causing a loss where your argument would not vitiate the negligence exclusion? Do you understand the question? I do, finally. Okay, good. Contractor's putting up a wall. The wall falls down and hits me on the head. Okay. I sue for damages. The damages that I, the liability that the owner incurs to me is not going to be included under this policy, because the exclusion, the contractor's negligence exclusion applies. The wall falls down. It delays us for two months. We don't get delay damages. We don't get anything. We sue the contractor. Well, there were other causes. I beg your pardon. I'm sorry. There were other causes. In your hypothetical, there's still other causes even there, like gravity. I mean, it seems to me your argument largely, you know, might mean the contractor negligence is excluded for affirmative acts of negligence, like the contractor drives a truck into the building or knocks the wall into you, as you say, but wouldn't cover negligent omissions like the contractor fails to take some safeguard that would, with reasonable care, prevent a different harm. Like here, like fixing the roof. So you would say the negligence exclusion for the contractor, as I understand it, whatever it covers doesn't cover any negligent omissions. No, sir. I'm not saying that either. I'm saying that if there is an omission, an omission to do something, which causes the type of damage which is not an additional covered cause of loss in this contract. But what isn't covered? Everything is covered except exclusions. Well, you. Everything else is covered. I agree, Your Honor. That really is what my point is, is that that's what we were purchasing. Jack, I didn't mean to be facetious about the gravity, but why isn't the force of gravity bringing a brick on someone's head, a covered cause, absent an exclusion? In other words, I'm impressed by Judge Kaczynski's query as to what is left of the exclusion if we adopt your theory. I hear you, Your Honor, and I hear, and I guess I finally hear all of you, and I guess the blunt response is that I am puzzled as to why that's my problem, meaning. Because we've made it your problem. No, I hear you. Well, because you're being a good advocate for your clients, I guess. No, what I mean is why is it my client's problem when my client buys an all-risk policy? Because if you have an interpretation of the policy that reads the exclusion clause completely out, then your interpretation is not as likely to be adopted. So, in fact, you come up with something, you say, well, you know, there's this cause and this cause, but if you accept that argument, the exclusion is gone. And that interpretation is less likely to be adopted than one that gives meaning to the exclusion. So, you know, you should understand that. I do. You're a lawyer, okay? So, without wasting another minute explaining to you why you should worry about this. But accept it. It's something that you need to worry about. And I haven't heard a good answer. I have not heard a situation where your theory would allow for the exclusion to work. And that's something that should worry you. It's something that should worry you coming into court. I mean, you should follow it. If there's an answer to this question, you should have it. I believe, Your Honor, that I attempted to provide it. I will. I'm afraid that that which I provided may have not answered your question sufficiently. I believe that instances of negligence on behalf of the contractor that do not result in events that are considered to be covered causes of loss are, in fact, excluded. Well, give me an example. Give me a concrete example. I mean, give me something. You know, the wall falls down and hits somebody on the head. Okay. That is not a covered. And, you know, let's say that person turns out to be the key guy, the architect who, you know, so you can't complete the guy who's indispensable to the completion of the construction. So you have delay damages because the guy got hit on the head in his hospital. Now, why would that be a covered loss? Well, I'm sorry. That's not covered because it has to be covered properly. Okay. So let's say, for example, the wall falls down, the contractor is negligent, and because the contractor was negligent, a whole bunch of scaffolding that was erected to poor concrete, and it took, you know, weeks to set up the scaffolding. And you're about, you've got those trucks of cement sitting out there, churning, churning, churning. And right before that happens, the contractor is negligent, and the whole scaffolding gets crumpled. And those trucks of concrete sit there, and they, you know what happens to concrete when it stays there too long. It becomes all hard. So they have to, you basically have to dump it. You can't use it. Okay. So you've lost an entire load, and you've lost weeks and weeks of time that it takes to, okay. Now you forced me to construct this hypothetical for you. So now I have. So the negligence of the contractor, the wall falls down, this causes damage to property, right? Yes, sir. And this causes delay costs. Yes, sir. Why, and you say that is a situation where your argument would not, would give the exclusion an operative effect? Yes, sir. Well, why don't you, wouldn't you have the same argument? Look, it's a damage to property. It says any. Any involves scaffolding. Scaffolding is, you know, this negligence caused the wall to fall, the force of gravity, bricks falling down. I mean, certainly if a brick came out of nowhere, propelled by an unknown cause from the construction site next door, that would be covered, wouldn't it? So the falling of brick is not something that is not a cause, right? Yes, sir. So I still don't get it. I don't understand your answer. I believe under the scenario that you provided, there would not be coverage, Your Honor, because there was only one cause of the loss. Right. I guess I was looking for a situation where there would be, I'm sorry, there would not be coverage. What I'm saying is... Why is that again? Because... It would fall under exclusion? I beg your pardon? Because it would fall under exclusion? Yes, sir. And I guess I don't understand why your argument that this is any cause wouldn't apply. Any covered cause of loss. And the covered cause, if there's no question that rain itself is a covered cause of loss... Isn't a falling brick a covered cause of loss? A falling brick might be a covered cause of loss, yes, sir. So what does it matter whether the brick falls as a result of the context of negligence or it falls from an airplane that's passing overhead? I understand your point, Your Honor. Okay. It's a loss that's covered, and then we look. If it falls from the plane, then it's not within an exclusion. It's covered. If it's caused by negligence, it would be excluded. But under your theory, so long as it's a covered loss, the exclusion doesn't matter. Yes, sir. It seems to me you haven't come up with an answer to my question. It sounds to me like I haven't come up with anything persuasive, Your Honor, so I'd like to go to the second one. May I? Okay. Sure. The second one has to do with the analysis of B-4 of the contract. Okay. I'm there. And that is the resulting loss argument, and that is B-1. We will not pay for a loss caused directly or indirectly by any of the following, and assume that that's contractor's negligence, if you don't mind. Okay. I'm sorry. I started with B-1, but go to B-4. B-4, okay. I beg your pardons. Well, just tell me where you want to go. We want B-4. We will not pay for a loss caused by a resulting from any of the following, contractor negligence. But if a loss by a covered cause of loss results, we will pay for that resulting loss. Among other things, Your Honors, I believe that the decision in Tinto International, which we cited in our brief, which has an identical fact situation, not an identical fact situation, but a very similar fact situation. This circuit decided that the loss from the ring was the resulting loss. Now, I'd like to draw your attention to, I believe, page 662 of Tinto. That's 222, F-3rd, 660. And on 662, under Roman II, where it says loss is not insured. You mean 663. Go ahead. I'm sorry, Your Honor. It is 663. Under Roman II, loss is not insured. Second paragraph under that. The question becomes whether the resulting loss, hyphen, damaged to Tinto's goods by rain is one of the losses not insured in this question, in this section. What I'm advancing, Your Honors, is that this – I'm sorry. Where is this language in your contract, in this section, which is the part that the Court emphasizes here and that it actually goes off on? The words in this section appear in number paragraph 3 of the losses, and this is what the Court uses as rationale. Where is the equivalent language in your contract? The equivalent language is not in this contract, Your Honor, and the reason I say Tinto has less to do with the language than it has to do with the determination that the damage by rain from the failure of a contractor to cover properly a building is a resulting loss. In Tinto, Your Honor, in fact, this sort of damage was specifically excluded, and this Court used the fact that the term in this section as a means to cover the rain damage as being outside of the exclusion because of the ambiguity in the contract. No such ambiguity occurs here, Your Honor, and I believe that an issue of whether or not the rain damage is a covered cause of loss is addressed and resolved in Tinto by their statement that rain damage is a covered cause of loss. What I'm suggesting is that going off on the determination as to why there was coverage in Tinto has some interest for us, but the primary level of interest has to do with whether or not rain damage from a failure of a contractor properly to cover a building constitutes a resulting loss, and it appears clear that Tinto states that it is. It also appears to me that B-4 states that the contract will provide coverage for a resulting loss. Okay. Well, you have more than your time. We'll hear from the insurance company. Thank you. Good morning, Your Honors. Annabelle Harris appearing on behalf of Continental Casualty. First, I'd like to address Mr. Guyven's point about his emphasis on the word any. I think that that's sort of misdirected to suggest that Garvey and its Efficient Proximate Cause Analysis doesn't apply because that term is so broad. Garvey itself uses the policy that Garvey Court was interpreting uses the word all risks. So that's arguably just as broad, and the Garvey Court still saw fit to use the Efficient Proximate Cause Analysis. So I just think the emphasis on the word any is sort of misplaced. Oh, I thought I heard somebody say something. Judge Kaczynski suggested to Mr. Guyven that he go through the policy and explain why it would be covered. I would like to take the opportunity to go through the policy and explain why it's not covered. Okay. Why don't you do that? Okay. We do start at coverage A, which is we will pay for direct physical loss to covered property caused by or resulting from any covered cause of loss. Then we go to A5, which describes the covered causes of loss. Covered cause of loss is capitalized to show that it has a special meaning. So there we see under 5 the special meaning is covered cause of loss means risk of direct physical loss to covered property except those causes of loss listed in the exclusions. So then we go to the exclusions, which are at B. Let me say your answer quickly. Covered cause of loss means risks of direct physical loss to covered property except those causes of loss listed in exclusions. So everything that's not excluded is a covered loss, right? Correct. Okay. Okay. So then exclusion B. Lightning, enemy attack. You know, I mean, I don't know what exclusions are, but basically any reason that there was a loss to physical property is covered unless we can find another one of the exclusions. Right. I think the brick falling out of the airplane would probably not because I don't think anybody's ever thought of that one. The brick falling out of the airplane would not be excluded because it has to have been expressly written into the policy. What does insurance companies think of that? They never thought of it. They exclude them. Exactly. But they'll probably change it tomorrow because I'm going to go back and tell them. Okay. Okay. So B4 is the one that we're concerned with here. We will not pay for a loss and loss is defined as accidental loss or damage. I'm sorry. I lost you there. So where are we now? We're at B4. We're at exclusion number four. Okay. We will not pay for a loss caused by or resulting from any of the following. But if loss by a covered cause of loss results, we will pay for that resulting loss. Okay. So we take the first sentence first. We will not pay for a loss caused by or resulting from any of the following. And then below that is listed what the district court judge called the contractor negligence. And I don't think we have any dispute that that was the efficient proximate cause according to the district judge. This is 4B1, planning, zoning, development? Yes. Actually, I believe he lumped them together and said between the two of them, we'll just refer to it loosely as contractor negligence. And there was no dispute about that. Okay. Okay. So then the operative phrase here is the next one. But if loss by a covered cause of loss results, we will pay for that resulting loss. So the loss we have as a result of the contractor negligence is the water intrusion damage to the finishes in the hotel. That's the only loss anybody's ever talked about. There's never been a suggestion of a resulting loss, a wall falling over as a result of the water intrusion, or a soil settlement problem as a result of the water intrusion, or an electrical fire. Those are the kinds of things that would be losses that result from the initial loss. So I think what's happening here is a lot of confusion over the different separating causes and separating losses. The cause is something that, according to the California Supreme Court, is something that you line up all your causes and you pick the efficient proximate cause, the predominant cause. And that's where this exclusion comes in. And the only way to bring this exception into play is to find a resulting loss. And there just has not ever been any suggestion of one in this case. So let me make sure I understand. So you've got your very broad coverage clause. And then you've got your exclusion. And then you've got this little sentence inserted in there, but if loss by a covered cause of loss results, we will pay for the resulting loss. So even though something falls within an exclusion, when you're saying this one, the sentence means there's a further loss caused by that. They're giving back the coverage. They're saying this is an exception to this exclusion? Why don't you give me an example of how that would operate? Okay. An example would be, I'll make it as close to this case. The most common one used in treatises is a faulty workmanship. Due to contractor negligence, a faulty wall is built. The wall falls over and just falls on the ground. That's not covered. That's excluded by the contractor negligence exclusion. But if that wall falls over on a car, then the damage to the car is a resulting loss. So they would cover that. The insurance companies don't want to pay for a contractor making errors, but they will pay for damage that results from that. So that's the distinction that's... Let's bring it now to our case. The contractor is negligent in putting up the roof. And I guess under your theory, the rain comes through and the rain causes damage to the construction site. Right. Okay. What would be a resulting loss in that situation? Well, the water that got into the walls could have gotten into an electrical box and caused a short and caused an electrical fire. And to the extent fire caused damage on top of the damage that was already there, that would be a resulting loss. If the water added extra weight to the building, I'm not all that familiar with the dynamics of it, but somehow could have caused a soil settlement loss that caused the building to settle differentially, that might be an ensuing loss. Is your argument really that there's got to be a separate and independent loss? Yes, definitely. That's required to bring this exception into play. How do you reconcile your interpretation here with what we said in Tinto? Well, Tinto, like every insurance coverage case, is dependent completely on the contract, and that contract just has no bearing to this case. The language is completely different. The reasoning of the court was completely different. There's just no basis for applying that decision to this case. Let's pretend. Why don't you show me how it's different? Well, okay, I'll make a big admission here. If the same fact scenario we're presented with, we had the Tinto policy, it probably would be covered. Okay, and what is it? Because the ambiguities are held against. What is it about the Tinto policy that's different from your policy? Which are the operative boards? Which provision in your contract would be affected? I mean, what would be different about the Tinto contract? Okay. Well, the Continental policy addresses causes of loss. The State Farm policy in Tinto, the pertinent language in that case said, we do not ensure, I'm looking at, well, they don't lay out the whole policy, but they describe it as paragraph 3. And they say, we do not ensure under any. You're going to have to help me here. Are you reading from page 663 of the opinion? You have to tell me where you're reading from. Okay. Unfortunately, I made a separate copy, so let's see. It is on the second page of the decision. A separate copy of what? I made myself a little cheat sheet of what the Tinto policy said. I'm just talking to myself. It's on page 2 of the Tinto decision. This is a waste of time talking to yourself for the whole argument. You can do that all day. But you have to point to me to someplace in the opinion. Okay. It's on page 2. It's under the heading factual background. One, two, three, four paragraphs down. Ah, you don't have the F-SERB, huh? You're reading it from some... Oh, let's see. What's best is a page number. I see factual background here. On page 661? Yes, I'm sorry. There it is. Yes, 661. Actually, go to 662. Number 3 starts right after that. Okay. We do not insure under any coverage for any loss consisting of one or more of the items below. There's no reference to the causation or the loss. It just says we do not insure under any coverage for any loss consisting of, and then that would include the contract or negligence exclusion down below. And then, so it starts off vague before you even get to the exclusion in the first place. But then the resulting loss language is... We're talking in fragments. Why don't you finish your sentence? Okay. What is it about this paragraph 3 that you see is significant, different from what you're... Point me to specific languages, specific subparagraphs. Okay. I'm sort of trailing off. Okay. Paragraph 3, we do not insure under any coverage for any loss consisting, I'm emphasizing the word consisting... Okay. ...of one or more of the items. I'm emphasizing items because the Continental Policy refers specifically to causes and losses. This policy I'm suggesting is vague from the get-go because it doesn't, you know, it doesn't talk about causes and losses. It just talks about consisting of one of the items, and then it lists the items to include the contract or negligence. So we got off to a bad start. But the language that the court relied upon in making its finding in the Tanto decision was... We're still on page 662. We're at the end of that quote under 3. And they add the exception language once again. There's the exclusion with an exception. But if accidental direct physical loss results from items 3A and 3B, which are the contract or negligence, we will pay for that resulting loss unless the resulting loss is one of the losses not insured in this section. And that language in this section is what the Tanto Court relied upon to say this policy was ambiguous and they were going to find against the insurance company on those grounds. They said it was the inexact policy language that led to their conclusion. So that just has no relevance to the Continental Policy that doesn't read in that fashion at all. There's no... So you're contrasting exclusion for particular items in Tanto with exclusion of loss caused by like the items in this policy. Yes. This policy covers exclusion of loss caused by, let's call it contractor negligence. Whereas the other policy, I suppose, would just have excluded the item of contractor negligence. Yeah, my point is how ambiguous it is on its face because I'm not really sure what the item of contractor negligence even means. So in the Continental Policy, it says we will not pay for a loss caused by or resulting from any of the following. And then it lists the causes. So I'm suggesting that the ambiguity of the use of the word item and consisting of is part of what makes the Tanto Policy bad and the reason for the Court to have found it ambiguous and found against the insurance company. But the part they emphasized in the opinion was that even the equally ambiguous section at the end, the resulting loss exception. Well, but see, if we take out the language that we're worried about, it looks just like your policy. It says, but if the accident to direct physical loss results from 3A and 3B, we will pay for that resulting loss. And then they have, unless the resulting loss is self-owned, the loss is not insured in the section. But we can strike that language all together because you don't have an unless clause. You just have a period at the end of we will pay for the resulting loss. So the part about whether there is a further exclusion from the section just has no bearing. Your policy seems quite a bit broader. No, because our policy says, but if a covered cause of loss results, and that's capitalized again to show that it means how it described it above, all losses except those specifically excluded. The TENZO policy says, but if accidental direct physical loss results, it doesn't even narrow it down to having to be a covered loss. Well, it says 3A, 3B. Those are... Well, those are exclusions. Right. Okay. Certainly confusing enough. Anything further? No, not unless anybody has any questions for me. Okay. Thank you, Your Honors. Thank you. You took more than your time. Mr. Gailen. But we'll give you a minute for a bottle if you choose to take it. Thank you, Your Honors. Less than a minute. I think that the key in TENZO isn't, it has less to do with the distinction of the policies than it has to do with the analysis of what a resulting loss is. And I think the contract, the provision in the contract that is before us today, talking about resulting loss, in light of the, I think in light of the plain English and also light of the reading of TENZO, I think that the rain damage... The resulting loss was the rain damage all throughout the hotel, Your Honor. Why is that the loss? How is that the resulting loss? I don't know that there's a difference. Well, if there's no difference, then this clause makes the whole exclusion section notatory. It says, but if loss by a covered cause of loss resolves, we'll pay for the resulting loss. If you read it as you read it, and you think that there's no difference, then we can just take four and strike it out altogether. That sentence makes four completely meaningless. You say any time there is loss, I mean, you know, opposing counsel said, look, resulting loss means you don't cover the initial loss, but then, so you don't pay for the wall that falls down, but then if it sort of hits somebody's car or causes a fire or whatever, then that's a sort of secondary loss that you cause. I mean, you know, that makes some sense. What is that? But you want some other construction. You say that everything is covered. Yes, sir. At a minimum, I am advancing the construction I believe that this Court used in Tinto, which is that the failure to cover is one event, and the loss, the results, which is rain damage, it was defined in Tinto as being a resulting loss, I believe, Your Honor. I think it was specifically defined as being a resulting loss under virtually identical language. Okay. Thank you very much. Thank you. The case is filed. You will stand submitted. We are adjourned for the day.
judges: Kozinski, Gould. Martinez